**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| JONATHAN CONNETT and FRANKLIN MIDDLETON, Individually, and on behalf of ALL OTHERS SIMILARLY SITUATED | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | **Civil Action Number: 4:13-cv-00048-BAE-GRS** |
| vs. | ) ) ) | |
| CHATHAM TOWING COMPANY, INC., and COLONIAL GROUP, INC. | ) ) ) | |
| *Defendants*. | ) ) | |

## JOINT STIPULATION FOR CONDITIONAL CERTIFICATION

Plaintiffs JONATHAN CONNETT and FRANKLIN MIDDLETON, together with all opt-in Plaintiffs (hereinafter collectively, "Plaintiffs"), and Defendants Chatham Towing Company, Inc. and Colonial Group, Inc. (hereinafter, "Defendants") (hereinafter, collectively the "Parties") have entered into this Joint Stipulation (hereinafter, "Stipulation") to memorialize the Parties' agreements for conditional certification of this action as a collective action 29 U.S.C. § 216(b) of the Fair Labor Standards Act (hereinafter, "FLSA"). The Parties respectfully seek this Court's approval of this Stipulation.

I.      Plaintiffs, former employees of Defendants, filed this case under the FLSA, 29 U.S.C. §§ 201–219 on February 28, 2013. They allege that Defendants improperly classified them as employees exempt from the FLSA's overtime provisions.

II.      Defendants deny that they have violated the FLSA in any respect and deny liability.

III.     Per the terms of the Parties' Stipulation, Defendants will consent to this Court's entering of a Consent Order—attached hereto as Exhibit, "A"—conditionally certifying this matter as a § 216(b) collective action for the exclusive purpose of litigating the putative class's claims that they were improperly classified as employees exempt from the FLSA's overtime provisions, and, therefore, improperly denied overtime wages for those hours worked in excess of forty (40) hours per each seven day work period. Defendants' consent to Plaintiffs' motion for conditional certification is made without waiving their right to later move for decertification  on the grounds that Plaintiffs are not similarly situated for the purposes of § 216(b).

IV.     The Opt-In Class shall consist of all former employees of Chatham Towing Company, Inc. who served in the position of tankerman at any time between February 28, 2010 and the present. By agreeing to this "class" period, Plaintiffs are not waiving their right to seek liquidated damages, nor are Defendants waiving their right to assert that they are not liable for all or part of any alleged damages that Plaintiffs or putative opt-in Plaintiffs claim to have incurred during this time period.

V.     The Parties agree to, and ask the Court for, a stay of this matter for a period of 45 days to allow them to obtain contact information for all putative class members, to send out the Notice of Lawsuit (attached herewith as Exhibit, "B") and Consent to Join Forms (attached herewith as Exhibit, "C") to those putative class members and to permit a forty-five (45) day opt-in period. During the stay, the parties will continue to produce electronically stored information and documents to one another as had been previously requested, but only to the extent this information and documents pertain to the claims of the putative class members.  In addition, the Parties are requesting the Court to enter an Amended Scheduling Order in the form of Exhibit "D") reflecting the forty-five (45) day stay period.

VII.    The Parties acknowledge that the exchange of limited information contemplated by this Stipulation will have no effect on the scope of discovery after the stay.

VI.    Within ten (10) business days after this Court enters the Consent Order granting conditional certification, the Parties have agreed that Defendants will provide Plaintiff's counsel with a list of all persons employed by Chatham Towing Company, Inc. in the position of tankerman from February 28, 2010 through the date the Court enters the Consent Order including for each his/her name, Defendants will provide Plaintiffs' Counsel with a list of former workers as described by Paragraph 5, together with their last known address, last known telephone numbers (both home and cellular), e-mail address, date of birth, social security numbers,dates of employment and location of employment (the "Opt-In List").

VII.    Within ten (10) business days after receiving the Opt-In List described in the paragraph above, Plaintiffs' Counsel will send notice in the form attached as Exhibit B, via first-class U.S. mail, to each former worker on the Opt-In List. If any notice is returned as undeliverable, Plaintiffs' Counsel will use reasonable efforts to identify an alternative address for that particular former worker (including utilizing "skip tracing" tools such as Accurint") or attempting to reach such a worker by telephone. If Plaintiffs' Counsel identifies an alternative address or addresses, they will send a second notice to all alternate addresses within five (5) business days after receiving the returned notice or identifying the alternative address or addresses. Upon request, Defendants shall, within three business days, provide Plaintiffs' Counsel with all information they may have within their possession which may be used to assist in locating any worker or former worker whose notice of the lawsuit is returned as undeliverable. Such information, if known, includes but is not limited to, last known email addresses, prior addresses and emergency contact information Defendants may have on file for that worker or

former worker. Nothing in this provision shall be construed to impose limits on Plaintiffs or Plaintiffs' Counsel different from those imposed by law regarding contacting workers or former workers during the notice period for the purpose of locating relevant and helpful witnesses and documents, and it is expressly understood that Plaintiffs and Plaintiffs' Counsel have been, and will continue to contact persons they believe may have information relevant to this lawsuit, within the confines of the law. Counsel for the Plaintiffs may provide information to the putative class through notices on their web sites.

VIII.    The time period for opting into this action will be 45 days. Thus, the opt-in period will close at 11:59 P.M. on the 45th day (including the day of the mailing) after the first notice is mailed. For those workers or former workers who are sent a second notice, the opt-in period will close at 11:59 P.M. on the 45th day (including the day of the mailing) after the second notice is mailed. The tankerman must send an executed consent form if they seek to join this lawsuit as a party plaintiff before the opt-in period closes. Late consent forms will not be accepted absent agreement of the Parties.

IX.    Plaintiffs' Counsel will provide Defendants' Counsel with copies of the signed consent forms on a regular, rolling basis as they are received and Plaintiffs' Counsel shall file them with the court within seven (7) days after receipt.

Respectfully submitted and consented to this 29th day of October, 2013.

**ELLIS, PAINTER, RATTERREE & ADAMS LLP**          **KAUFMAN, MILLER & FORMAN, P.C.**


/s/ Maury Bowen                                                     /s/ David L. Pardue
Maury Bowen                                                          David L. Pardue
Georgia Bar No. 071112                                         Georgia Bar No. 567217
Robert S. Glenn, Jr.                                               8215 Roswell Road
Georgia Bar No. 297306                                         Building 800
Post Office Box 9946                                            Atlanta, Georgia 30350
Savannah, Georgia 31412                                      T: (770) 390-9200

T: (912) 233-9700                                 F: (770) 395-6720
F: (912) 233-2281                                 dlp@kauflaw.net
MBowen@epra-law.com                               *Attorneys for Plaintiffs*
RGlenn@epra-law.com
*Attorneys for Defendants*


**DUANE MORRIS LLP**


/s/ Robert B. Hopkins
_____
Robert B. Hopkins
Maryland Bar No. 06017
111 South Calvert Street
Suite 2000
Baltimore, Maryland 21202
T: (410) 949-2937
F: (410) 949-2976
RBHopkins@duanemorris.com
Sara J. Bass
Georgia Bar No. 140974
1075 Peachtree Street, NE
Atlanta, Georgia 30309
T: (404) 253-6917
SJBass@duanemorris.com*Pro Hac Vice*
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel hereby certifies that on October 29, 2013, a true and correct copy of the foregoing **JOINT STIPULATION FOR CONDITIONAL CERTIFICATION** was electronically with the Clerk of the Court using the CM/ECF systems which will automatically send notification of such filing to all attorneys of record.

**/s/ David L. Pardue**
David L. Pardue
Georgia Bar No. 567217
